# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **Perry Henderson,**<br>***Plaintiff***<br><br>**v.**<br><br>**John Henry Swingler, Scott Burns, and Cypress Creek Investments,**<br>***Defendants*** | §<br>§<br>§<br>§<br>§<br>§<br>§ | **No. 1:26-cv-01482-SH** |

## ORDER

Now before the Court is Plaintiff's Motion to Dismiss Defendants' Counterclaims, filed July 22, 2026 (Dkt. 6).[1]

Plaintiff Perry Henderson brings a complaint for copyright infringement under 17 U.S.C. § 501 against Defendants John Henry Swingler, Scott Burns, and Cypress Creek Investments. Complaint, Dkt. 1. Henderson alleges that he created two original aerial photographs of an Austin property in 2017, distributed them through commercial real estate marketing platforms, and retains copyrights in them. *Id.* ¶¶ 3-5. Since at least March 17, 2026, Henderson alleges, Defendants have reproduced and used his photographs without permission in connection with acquisition and redevelopment of the property. *Id.* ¶¶ 5-15.

Defendants assert state law counterclaims against Henderson for business disparagement and tortious interference with prospective business relations. Defendants' Original Answer and Counterclaims, Dkt. 4 at 5-6 ¶¶ 7-17. They allege that Henderson "has conducted a months-long campaign of disparaging Counter-Plaintiffs, spreading misinformation about Counter-Plaintiffs and their acquisition efforts, encouraging a property owner to breach a binding sales agreement

---

[1] Henderson was proceeding *pro se* when he filed the motion but since has retained counsel.

with Counter-Plaintiffs, and otherwise interfering with Counter-Plaintiffs' existing and prospective business relations." *Id.* at 5 ¶ 5.

Defendants also allege that Henderson's copyright infringement claim is "frivolous, objectively unreasonable, and brought with an improper motivation." *Id.* at 7 ¶ 19. They seek attorneys' fees under 17 U.S.C. § 505, which permits a court to award full costs and "a reasonable attorney's fee to the prevailing party as part of the costs" in a copyright infringement action.

## I. Legal Standard

Federal courts are courts of limited jurisdiction and "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Congress has granted jurisdiction over two general types of cases: those that arise under federal law ("federal question jurisdiction"), and those in which the amount in controversy exceeds $75,000 and there is complete diversity of citizenship among the parties ("diversity jurisdiction"). 28 U.S.C. §§ 1331, 1332(a); *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437-38 (2019).

A Rule 12(b)(1) motion to dismiss challenges the subject matter jurisdiction of the district court to hear a case. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Walmart Inc. v. U.S. Dep't of Just.*, 21 F.4th 300, 307 (5th Cir. 2021) (citation omitted). On a Rule 12(b)(1) motion, the party seeking to invoke federal jurisdiction has the burden of proof. *Ghedi v. Mayorkas*, 16 F.4th 456, 463 (5th Cir. 2021). To meet that burden, the party "must prove by a preponderance of the evidence that the court has jurisdiction based on the complaint and evidence." *Gilbert v. Donahoe*, 751 F.3d 303, 307 (5th Cir. 2014).

## II. Analysis

### A. Defendants' Counterclaims Are Permissive

Henderson argues that the Court lacks jurisdiction under 28 U.S.C. § 1367(a) over Defendants' counterclaims under Texas law. Section 1367(a) provides, in relevant part:

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

The relevant inquiry is whether the supplemental claims are so related to the original claims that they derive from a common nucleus of operative fact. *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 259 (5th Cir. 2014) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 351 (2006)). To determine whether claims derive from a common nucleus of operative fact, courts should look to whether a claimant ordinarily would be expected to try all the claims under consideration in one judicial proceeding. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

Under Rule 13(a)(1), a counterclaim is compulsory if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require adding another party over whom the court cannot acquire jurisdiction. All other counterclaims are permissive. FED. R. CIV. P. 13(b). If a counterclaim is compulsory, a district court automatically has supplemental jurisdiction. If a counterclaim is permissive, there must be an independent jurisdictional basis for the Court to exercise subject-matter jurisdiction. 28 U.S.C. § 1367(a); *Jackson v. Hardrock Landscapes, LLC*, No. 1:21-cv-1003-DH, 2023 WL 2672402, at *4 (W.D. Tex. March 28, 2023).

Courts in the Fifth Circuit consider four questions when evaluating if a counterclaim is compulsory: whether (1) the issues of fact and law raised by the claim and counterclaim largely

are the same; (2) res judicata would bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule; (3) substantially the same evidence will support or refute plaintiff's claim as well as defendant's counterclaim; and (4) there is any logical relationship between the claim and the counterclaim. *Tank Insulation Int'l, Inc. v. Insultherm, Inc.*, 104 F.3d 83, 85-86 (5th Cir. 1997). The general rule is that the claim is compulsory if any of these four tests is met. *Id.* at 86. A logical relationship exists "when the counterclaim arises from the same aggregate of operative facts in that the same operative facts serve as the basis of both claims." *Nat'l Liab. Fire Ins. Co. v. R & R Marine, Inc.*, 756 F.3d 825, 835 (5th Cir. 2014) (cleaned up).

Defendants argue that their counterclaims are compulsory because they "concern those same acquisition efforts" as Henderson's copyright infringement claim, "requiring overlapping bodies of proof and raising overlapping issues." Dkt. 7 at 4, 5. To the contrary, the Court finds that the counterclaims are permissive.

First, the claim and counterclaim raise different issues of law and fact. Copyright infringement has three elements: ownership of a valid copyright, factual copying, and substantial similarity. *Batiste v. Lewis*, 976 F.3d 493, 502 (5th Cir. 2020). The elements of Defendants' counterclaim for business disparagement are (1) publishing false and disparaging information about them, (2) with malice, (3) without privilege, (4) that resulted in special damages. *Forbes Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 170 (Tex. 2003). To prevail on their claim for tortious interference with a prospective business relation, Defendants must prove that Plaintiff's conduct "would be actionable under a recognized tort." *Wal-Mart Stores, Inc. v. Sturges*, 52 S.W.3d 711, 726 (Tex. 2001). Such actionable conduct includes making fraudulent statements about a party to a third person. *Id.* The issues of law and fact raised by Defendants' counterclaims are entirely distinct from Henderson's copyright claims, and the counterclaims can be resolved without

considering whether Henderson has established the elements of his copyright infringement claim. *Misut v. Curtana Holdings LLC*, No. 3:25-CV-2006-D, 2026 WL 2427082, at *3 (N.D. Tex. Aug. 19, 2026) (collecting cases).

Second, res judicata would not bar Defendants from a subsequent suit on defendant's claim absent the compulsory counterclaim rule. In this copyright infringement case, the parties would not litigate issues relating to disparaging or fraudulent statements to third parties by Henderson absent Defendants' counterclaims.

Defendants' strongest argument concerns the third factor: whether substantially the same evidence will support or refute Henderson's claim and their counterclaims. But while the claim and counterclaims apparently arise from the Property's acquisition and redevelopment, Henderson's claim relies on Defendants' alleged use of his photos, while Defendants' counterclaims will turn on Henderson's statements to third parties. The overlap in relevant evidence appears minimal.

For the final factor, there is no logical relationship between the claim and the counterclaim. Defendants have not shown that they share a causal relationship, the same nucleus of operative facts, "flow from each other." *Jackson*, 2023 WL 2672402, at *3. None of the relevant questions favor a finding that Defendants' counterclaims are compulsory.

**B. The Court Lacks Supplemental Jurisdiction**

Because the counterclaims are permissive, there must be an independent jurisdictional basis for the Court to exercise subject-matter jurisdiction over them. There is no original jurisdiction over the state-law counterclaims because they raise no federal question and are between nondiverse parties, all citizens of Texas. 28 U.S.C. § 1332.

For the court to exercise supplemental jurisdiction over the proposed counterclaims, they must be "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The proposed counterclaims do not form part of the same Article III case or controversy as Henderson's copyright claim because the legal and factual issues arising from the business disparagement and tortious interference with prospective business relations counterclaims are not sufficiently related. As explained above, they require different legal and factual analysis.

If a court has supplemental jurisdiction, it still may decline to exercise it after considering the statutory factors set forth in 28 U.S.C. § 1367(c):

> (1) the claim raises a novel or complex issue of State law;
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;
>
> (3) the district court has dismissed all claims over which it has original jurisdiction; or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

*Donahue v. Tokyo Electron Am., Inc.*, No. A-14-CA-563-SS, 2014 WL 12479285, at *7 (W.D. Tex Sept. 2, 2014). Courts also weigh "the common law factors of judicial economy, convenience, fairness, and comity" in determining whether to relinquish supplemental jurisdiction. *Enochs v. Lampasas County*, 641 F.3d 155, 158-59 (5th Cir. 2011).

Defendants argue that "judicial economy, convenience, fairness and comity . . . militate against the Motion." Dkt. 7 at 5. The Court agrees that addressing all the parties' disputes in one litigation would serve judicial economy, but finds this consideration outweighed by the second consideration under § 1367(c). Defendants' fact-intensive business disparagement and tortious interference counterclaims are likely to substantially predominate over Henderson's straightforward copyright claim.

## III. Conclusion

For these reasons, the Court **GRANTS** Plaintiff's Motion to Dismiss Defendants' Counterclaims (Dkt. 6) and **DISMISSES** Defendants' counterclaims for lack of subject matter jurisdiction without prejudice under Rule 41(b).

**SIGNED** on November 2, 2026.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE